IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

In re:  Pittman D. Moore, Debtor                              Case No. 6:21-bk-70299
                                                              Chapter 11- Subchapter V

ORDER AND OPINION APPROVING ON CONDITION
AMENDED APPLICATION TO HIRE CERTIFIED PUBLIC ACCOUNTANT
FOR DEBTOR IN POSSESSION

The debtor in possession [DIP or debtor] filed his chapter 11 bankruptcy petition on March 5, 2021.  On June 29, 2021, the debtor filed an *Amended Application to Hire Certified Public Accountant for Debtor in Possession* [Application] (dkt no. 116).  In the Application, the debtor requested approval of the employment of Arlena F. Jackson CPA [Ms. Jackson] "and have such employment effective nunc pro tunc to the date of case filing, March 5, 2021."  The Application was set for hearing on August 19, 2021 [August 19 hearing].  At the August 19 hearing, O.C. "Rusty" Sparks appeared on behalf of the debtor.  No party appeared to object to the Application, and no objections were filed of record.

At the conclusion of the hearing, the Court gave a preliminary oral ruling in which it approved the Application with an effective date of March 5, 2021, on the condition that the debtor file an amended affidavit executed by Ms. Jackson that fully complies with the requirements of Federal Rule of Bankruptcy Procedure 2014(a).[1]  At the outset of its oral ruling, the Court indicated that it would supplement its preliminary findings of fact and conclusions of law in a more detailed written order.  To that end, the Court now enters its final order approving on condition the debtor's Application and incorporating by reference the preliminary findings of fact and conclusions of law stated on the record at

---

[1] The Court reserves the right to revisit the propriety of Ms. Jackson's employment should the amended affidavit disclose a conflict of interest or raise another concern based on a fact not previously disclosed.

the conclusion of the August 19 hearing pursuant to Federal Rule of Bankruptcy Procedure 7052.

**Background**

On March 5, 2021, the debtor filed his chapter 11 bankruptcy petition. On May 24, 2021, the debtor filed an *Application for Approval to Hire Certified Public Accountant for Debtor in Possession* [original application] (dkt. no. 74) seeking to employ Ms. Jackson as the accountant for the bankruptcy estate.[2] Attached to the original application as Exhibit A was an affidavit of disinterestedness executed by Ms. Jackson on May 20, 2021. Ms. Jackson stated in her affidavit, in relevant part:

> I do not have any interest materially adverse to the interests of the estate, or of any class of creditor or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.[3]

(Dkt. No. 74-1, ¶ 4(c)). On June 29, 2021, the debtor amended his application [Application] to include a request that "such employment [be] effective nunc pro tunc to the date of the case filing, March 5, 2021." (Dkt. No. 116, ¶ 3).[4] Attached to the Application was the same affidavit of disinterestedness that was filed with the original application. Both the original and amended applications stated that the debtor owed Ms. Jackson less than $10,000 for the post-petition preparation of the debtor's 2019 state and federal tax returns. (Dkt. No. 74, ¶ 7(a); Dkt. No. 116, ¶ 7(a)). It is clear, therefore, that the debtor retained Ms. Jackson to perform post-petition services prior to seeking the Court's approval under 11 U.S.C. § 327(a).

---

[2] The original application did not include a request for nunc pro tunc relief and has since been withdrawn.

[3] This language tracks the bankruptcy code's definition of the term "disinterested person." *See* 11 U.S.C. § 101(14).

[4] Neither the original nor the amended application included a certificate of service. However, based on the Court's review of the docket, it appears that the United States Trustee received electronic notice of both applications through ECF.

**Law and Analysis**

Section 327 of Title 11 governs the employment of professional persons. It states in relevant part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Federal Rule of Bankruptcy Procedure 2014 dictates the procedure for applying for an order of employment and includes a requirement that an affidavit of disinterestedness be filed with an application made under § 327. Specifically, Rule 2014(a) provides:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.[5] The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

---

[5] Although Rule 2014 states that an application under § 327 may be made only by "the trustee or committee," 11 U.S.C. § 1107 confers upon a debtor in possession (with one exception not relevant here) the rights, powers, and duties of a trustee.

In this case, both the debtor's Application and Ms. Jackson's affidavit of disinterestedness represented that Ms. Jackson is a disinterested person as defined by 11 U.S.C. § 101(14). However, the Court finds that neither the Application nor Ms. Jackson's affidavit strictly complied with the requirements of Rule 2014(a) because they failed to disclose Ms. Jackson's connections "with the debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee, or any person employed in the office of the United States trustee." The Court presumes that this information was omitted inadvertently and will be disclosed in an amended affidavit. Because the Court finds that the Application otherwise comports with the requirements of § 327 and Rule 2014, the Court turns to the remaining issue of whether the Court has the authority to approve Ms. Jackson's employment as of March 5, 2021.

An application seeking the court's approval of a pre-application employment date has commonly been referred to by both courts and parties as a "nunc pro tunc" application. A party typically seeks approval of a pre-application employment date when the party failed to file the application at or near the time the professional was actually retained due to either an oversight or because there was not enough time to file the application before the professional's services were required. This Court has historically approved such requests if the movant served all creditors and the United States Trustee with the application and no valid objections were lodged in response.

However, the United States Supreme Court recently reiterated the acceptable parameters of nunc pro tunc relief in *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, ⸺ U.S. ⸺, 140 S. Ct. 696 (2020). Since *Acevedo*, bankruptcy courts have begun to question the propriety of entering nunc pro tunc orders approving applications to employ professionals under § 327. *See, e.g.*, *In re Grinding Specialists, LLC*, 625 B.R. 6 (Bankr. D. S.C. 2021); *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020); *In re Roberts*, 618 B.R. 213 (Bankr. S.D. Ohio 2020). In order to determine whether *Acevedo* impacts this Court's ability to approve an application to employ under § 327 with a retrospective effective date, the Court must start with an examination of the issue before the Supreme Court in *Acevedo*.

### I. Effect of the *Acevedo* case

The nunc pro tunc order under review by the Supreme Court in *Acevedo* arose from these facts:

> [O]n February 6, 2018, the Roman Catholic Archdiocese of San Juan, Puerto Rico (the "Archdiocese") removed the case from a Puerto Rico court to the federal district court. *Acevedo*, 140 S. Ct. at 699-700. On March 16, March 26 and March 27, 2018, after the case had been removed to the federal district court, the Puerto Rico court entered certain payment and seizure orders against the Archdiocese (the "Puerto Rico Orders"). *Id*. at 700. Approximately five months later, the federal district court remanded the case to the Puerto Rico court. *Id*. The remand order was *nunc pro tunc*, stating that the remand was effective March 13, 2018. *Id*. at 700. One of the issues before the Supreme Court of the United States was whether the Puerto Rico Orders were effective despite the fact that, at the time the Puerto Rico Orders were entered, the federal district court had jurisdiction over the case.

*In re Hunanyan*, No. 1:21-bk-10079-MT, 2021 WL 2389273, at *1 (Bankr. C.D. Cal. June 10, 2021). In analyzing the issue before it, the Supreme Court cited to the federal statute governing removal, stating that "[o]nce a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.'" *Acevedo*, 140 S. Ct. at 700 (quoting 28 U.S.C. § 1446(d)). Against this backdrop, the Court found that the federal district court's nunc pro tunc remand order was ineffective to create jurisdiction in the state court at a time when it did not exist, stating:

> Federal courts may issue *nunc pro tunc* orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect the reality" of what has already occurred, *Missouri v. Jenkins*, 495 U.S. 33, 49, 110 S. Ct. 1651, 109 L. Ed.2d 31 (1990). "*Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court.*" *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390, 32 S. Ct. 277, 56 L. Ed. 476 (1912). Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States v. Gillespie*, 666 F.Supp. 1137, 1139 (N.D. Ill. 1987). Put plainly, the court "cannot make the record what it is not." *Jenkins*, 495 U.S. at 49, 110 S. Ct. 1651.

*Acevedo*, 140 S. Ct. at 700-01 (emphasis added).

The Court in *Acevedo* described nunc pro tunc relief as a remedy for court error or inadvertence—a description consistent with long-standing Supreme Court precedent.

5

*See, e.g., Mitchell v. Overman*, 103 U.S. 62 (1880) (finding that when a delay in entering an order is attributable to the court, nunc pro tunc relief may be granted to avoid penalizing the parties); *see also Boisaubin v. Blackwell* (*In re Boisaubin*), 614 B.R. 557, 563 (B.A.P. 8th Cir. 2020) (stating that "a true nunc pro tunc order [] corrects a mistake in the record to make the record accurately reflect a past event that [has] actually occurred."). Because there is no court error or court delay to correct in the context of the Application, the Court finds that true nunc pro tunc relief as defined by the Supreme Court in *Acevedo* is inapplicable here.[6] *See In re Jarvis*, 53 F.3d 416, 418 n.2 (1st Cir. 1995) (acknowledging, pre-*Acevedo*, that "[a]lthough courts and lawyers routinely describe such [327] applications . . . by using the appellation 'nunc pro tunc,' . . . such a designation is unfaithful to the accepted usage of that term in connection with the correction of court records."). Therefore, the Court finds that *Acevedo* did "not change the existing authority of the [bankruptcy] court to approve employment that has commenced before the motion was brought." *See In re Hunanyan*, 2021 WL 2389273, at *2.

---

[6] To the extent that any order containing an effective date in the past could arguably be construed as nunc pro tunc relief, the Court notes that *Acevedo* admonished against the use of a nunc pro tunc order to create a fictional history at odds with what actually transpired—an issue *not* present in the context of an application under § 327 that seeks the approval of a pre-application employment date, such as the Application before the Court. While *Acevedo* prohibited a court from using nunc pro tunc relief to create a fact in the record that did *not* occur (a remand on a certain date in the past), the Application seeks court approval of a fact that *did* occur (Ms. Jackson's employment by the DIP on March 5, 2021). *See In re SS Body Armor I, Inc.*, No. 10-11255(CSS), 2021 WL 2315177, at *3 (Bankr. D. Del. June 7, 2021) (stating that "[t]he *Acevedo* case prohibits courts from using *nunc pro tunc* orders to cure jurisdictional defects arising under 28 U.S.C. § 144[6](d), which governs nonremovable actions. *Acevedo* does not prohibit courts from entering *nunc pro tunc* orders where there are no jurisdictional defects."); *In re Mohiuddin*, 627 B.R. 875, 882 n.5 (Bankr. S.D. Tex. 2021) (noting that "[o]rders that retroactively authorize employment do not alter the historic landscape."); *In re Goldberg*, No. 18-03592-5-JNC, 2020 WL 1526923, at *1, n.1 (Bankr. E.D.N.C. Mar. 27, 2020) (noting that using term nunc pro tunc is "superfluous" where the actual effect of an order does not change history but rather "solidifie[s] for the record an actual set of events.").

## II. Authority to approve pre-application employment date under § 327

Based on the language of § 327 and Rule 2014(a), the Court finds that it has authority to approve the Application with an effective date of March 5, 2021. Nothing in § 327 or Rule 2014 dictates a specific timeframe within which an application to employ must be filed. *See In re Hunanyan*, 2021 WL 2389273, at *3 ("[u]nlike many sections of the Bankruptcy Code, neither [§ 327 nor § 330] has a temporal requirement for when the application should be filed. Fed. Bankr. R. 2014(a) also has no deadline for filing the employment application.") While Congress included such requirements in other code sections—for example, § 364(c)(2), which requires a party to obtain court approval before obtaining credit or incurring debt—neither § 327 nor Rule 2014 mandates that court approval occur *before* a trustee (or, in the instant case, a debtor in possession) retains a professional:

> Section 327(a) neither expressly sanctions nor expressly forbids the post facto authorization of outside professional services. Courts have repeatedly remarked this ambiguity. *See, e.g., In re Singson*, 41 F.3d 316, 319 (7th Cir. 1994); *In re Triangle Chems., Inc.*, 697 F.2d 1280, 1289 (5th Cir. 1983). What is more, Rule 2014(a) does not fill the void. The most that fairly can be said is that the language of both statute and rule contemplates prior authorization, *see Triangle Chems.*, 697 F.2d at 1284, 1289; Stephen R. Grensky, *The Problem Presented by Professionals Who Fail to Obtain Prior Court Approval of Their Employment*, 62 Am. Bankr. L.J. 185, 188–89 (1988), without explicitly prohibiting authorization after the fact.

*In re Jarvis*, 53 F.3d at 419. Because Congress did not include a temporal limitation in § 327, the Court finds it inconsistent with the provisions of Title 11 to insert one.[7] For these reasons, the Court finds that it has the authority under § 327 to approve the

---

[7] However, as another court noted, parties should not interpret this holding as a "license to wait indefinitely for court approval." *See In re Hunanyan*, 2021 WL 2389273, at *4. When a professional performs work prior to court approval of his or her employment, the professional risks not being compensated for the work in the event the court declines to approve a subsequent application to employ. *See* 11 U.S.C. § 330; *see also Lamie v. U.S. Tr.*, 540 U.S. 526, 538–39 (2004) (interpreting § 327 in the context of a chapter 7 and stating that "[i]f the attorney is to be paid from estate funds under § 330(a)(1) . . . he must be employed by the trustee and approved by the court.").

Application "without resorting to equitable principles or issuing *nunc pro tunc* orders." *See In re Hunanyan*, 2021 WL 2389273, at *2.

**Conclusion**

For all of the above stated reasons, the Court approves the debtor's Application to employ Ms. Jackson with an effective date of March 5, 2021, on the condition that the debtor file an amended affidavit executed by Ms. Jackson that fully complies with the requirements of Federal Rule of Bankruptcy Procedure 2014(a).

IT IS SO ORDERED.

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 08/25/2021

cc: O.C. "Rusty" Sparks, attorney for debtor
Beverly I. Brister, subchapter V trustee
United States Trustee